UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRELL SPENCER,

    Defendant.
    _____/

Case No. 93-80037

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND DENYING REQUEST FOR SENTENCING HEARING [92]**

This matter is now before the Court on Defendant Darrell Spencer's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and request for a sentencing hearing. Defendant and the Government have submitted briefs, and oral argument was held on December 15, 2008. For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part.

**I.   Background**

Defendant Darrell Spencer was convicted, following a jury trial, of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841, one count of possession with intent to distribute cocaine base within 1000 feet of a public school in violation of 21 U.S.C. § 860, and one count of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

At his sentencing on September 17, 1993, this Court found Defendant accountable for over 150 grams of cocaine, distributed within 1000 feet of a school; the 1993 sentencing

guideline calculation established a base offense level of 36. This Court adjusted Defendant's offense level upward by two levels for obstruction of justice, resulting in an offense level of 38. Because Defendant was on probation at the time for a prior conviction for possession of a controlled substance, he was determined to have a criminal history category of II. The resulting guideline range was 262-327 months, plus 60 months consecutive for use of a firearm during and in relation to a drug trafficking crime. This Court sentenced Defendant to an incarceration of 322 months — a concurrent sentence of 262 months for counts one and two and a consecutive sentence of 60 months on count three — the bottom of the then-mandatory guideline range.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to U.S.S.G. § 2D1.1, which reduced the base offense level applicable to cocaine base ("crack") offenses by two levels. In December 2008, the Sentencing Commission voted to make the amendment retroactive, and it became retroactive on March 3, 2008. On September 24, 2008, Defendant moved for a reduction of his sentence based on this amendment.

The parties are in agreement that Defendant is eligible to have this Court consider applying a two-level reduction to his base offense level pursuant to Amendment 706. Such a reduction would yield a guideline range of 210-262 months for counts one and two. (§ 1B1.10 Report.) Defendant argues, however, that this Court should further reduce his sentence to time served under *United States v. Booker*, 543 U.S. 220 (2005), in light of the disparity between crack and powder cocaine, Defendant's youth at the time of the offense, and Defendant's significant efforts and progress at rehabilitation. The Government

responds that this Court does not have the authority to apply more than a two-level reduction and that *Booker* does not apply.

**II.   Analysis**

    **A.  Statutory Framework**

In 28 U.S.C. § 994(o), Congress mandated that the Sentencing Commission "periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section." In 28 U.S.C. § 994(u), Congress specified that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the imprisonment may be reduced."

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Blair*, No. 97-81440, 2008 WL 2622962, *1 (E.D. Mich. July 2, 2008). Congress has provided an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582 provides:

> Upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement, U.S.S.G. § 1B1.10, amended March 3, 2008, provides that "proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not

3

constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). It is also states that "the court shall not reduce defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The policy statement also describes the appropriate method of calculating the amended guideline range:

> [T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Subsection (c) of the policy statement lists the guideline amendments to be given retroactive effect. U.S.S.G. § 1B1.10(c).

**B. Defendant's Request for Reduction of His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and *Booker v. United States*, 543 U.S. 220 (2005)**

This Court has applied the factors enumerated in 18 U.S.C. § 3553(a) and has determined that a two-level reduction to the bottom of the amended guideline range for counts one and two — 210 months — is warranted for Mr. Spencer. 18 U.S.C. § 3582(c)(2); *United States v. Ursery*, 109 F.3d 1129, 1137-38 (6th Cir. 1997) (noting the discretionary nature of sentence reductions under 18 U.S.C. § 3582(c)(2)).

Defendant asks this Court to reduce his sentence further, to time served, despite the policy statement's prohibition on sentencing below the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A).[1] Defendant argues that this Court need not adhere to the

---

[1] Mr. Spencer has already served 15 years of his sentence, "has taken every class available to better himself," and is "by all accounts a model prisoner." (Def.'s Br. at 6-7.)

4

policy statement because the Supreme Court in *Booker v. United States*, 543 U.S. 220 (2005), rendered the sentencing guidelines merely advisory.

With the exception of the Ninth Circuit in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), appellate courts that have considered the question presented here — whether a court may apply *Booker* and reduce the sentence of a defendant eligible for a reduction under § 3582(c) to a term of incarceration below the amended guideline range — have held that it may not. *See United States v. Starks*, __F.3d__, 2009 WL 66115 (8th Cir. Jan. 13, 2009); *United States v. Dunphy*, __F.3d__, 2009 WL 19139 (4th Cir. Jan. 5, 2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008).[2] This Court finds the reasoning in *Starks*, *Dunphy*, and *Rhodes* persuasive and denies Defendant's request for a *Booker* variance on the following grounds.

First, this Court lacks authority to depart from the amended guideline range when reducing a sentence pursuant to 18 U.S.C. § 3582(c)(2). This is because § 3582 is jurisdictional. Congress has codified at 18 U.S.C. § 3582 "the limits" of "the court's

---

[2] Several district courts have also held that *Booker* does not apply to sentence modifications under 18 U.S.C. § 3582(c). *See, e.g., United States v. Quinones*, No. 91-10176-RWZ, 2009 WL 69361 (D. Mass. Jan. 7, 2009); *United States v. Jones*, No. 95-cr-00051-01, 2008 WL 4879375 (S.D. W.Va. Nov. 12, 2008); *United States v. Blair*, No. 97-81440, 2008 WL 2622962 (E.D. Mich. July 2, 2008); *United States v. Speights*, 561 F.Supp.2d 1277 (S.D. Ala. 2008); *United States v. Finney*, No. 99-0101, 2008 WL 2435559 (W.D. Pa. June 16, 2008); *United States v. Austin*, No. 1-CR-01-291-02, 2008 WL 2412949 (M.D. Pa. June 11, 2008); *United States v. Johnson*, 556 F.Supp.2d 563 (W.D. Va. 2008); *United States v. Julien*, 550 F.Supp.2d 138 (D. Me. 2008). The contrary position — that *Booker* applies to § 3582(c) motions — has been adopted by some district courts. *See, e.g., United States v. Ragland*, 568 F.Supp.2d 19 (D.D.C. 2008); *United States v. Shelby*, No. 95 CR 69, 2008 WL 2622828 (N.D. Ill. June 30, 2008); *United States v. Barrett*, No. 98-CR-270-Orl-22KRS, 2008 WL 938926 (M.D. Fla. Apr. 7, 2008); *United States v. Stokes*, No. 98-cr-109-Orl-22GJK, 2008 WL 938919 (M.D. Fla. Apr. 7, 2008); *United States v. Forty Estremera*, 498 F.Supp.2d 468 (D.P.R. 2007).

jurisdiction to modify sentences." *Strothers*, 2008 WL 2473686, at *2; *see also Blair*, 2008 WL 2622962, at *3 (describing § 3582 as jurisdictional); *Jones*, 2008 WL 4879375, at *3 (same). Congress has mandated that sentence modifications be limited in the following two ways: (1) a district court may only reduce a defendant's sentence when the Sentencing Commission has amended the applicable sentencing guideline *and* made that amendment retroactive; and (2) a district court may only reduce a sentence to the extent the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This Court, thus, does not have jurisdiction to reduce Defendant's sentence below the amended guideline range since doing so would be inconsistent with the applicable policy statement. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Ragland*, 568 F.Supp.2d at 23 ("A *Booker* variance below an amended Guidelines range is flatly inconsistent with the Guidelines policy statement"); *Speights*, 561 F.Supp.2d at 1280 (noting that "the Court's power to reduce [defendant's] sentence is derived exclusively from Congress[,]" which sets "a lower asymptote for district court's exercise of discretion in § 3582(c)(2) sentencing modifications.").[3]

Second, the Supreme Court's holding in *Booker*, does not — as Defendant suggests — "prevent[] Congress from incorporating a guideline provision as a means of defining and limiting a district's court's authority to reduce a sentence under § 3582(c)."

---

[3] Defendant argues that Section 3582(c)'s mandate that any reduction in sentence be consistent with policy statements only refers to the Sentencing Commission's authority to determine which guideline amendments have retroactive effect and "not to imposing other limits which infringe on a sentencing court's traditional discretion." (Def.'s Br. at 4-5.) This Court does not find this interpretation persuasive because it is incongruous to "give full effect under § 3582 to the portion of § 1B1.10 designating Amendment 706 as retroactive, *see* U.S.S.G. § 1B1.10(c)," while "ignor[ing] the remainder of the same policy statement." *Dunphy*, 2009 WL 19139, at *8 n.9.

6

*Starks*, 2009 WL 66115, at *3. This is because there are "clear and significant differences" between the original sentencing proceedings at issue in *Booker* and the sentence modification proceeding at issue here. *Rhodes*, 549 F.3d at 840.

These two proceedings are "governed by different statutes." *Rhodes*, 549 F.3d at 840; *see id.* at 841 (finding the reasoning in *Hicks* flawed because it "failed to consider that . . . sentence modification proceedings have a different statutory basis than original sentencing proceedings"); *Starks*, 2008 WL 66115, at *3 (same). As the Eighth Circuit recently explained:

> *Booker* involved an original sentencing proceeding governed by 18 U.S.C. § 3553. In that context, the Supreme Court concluded application of the mandatory sentencing guidelines violated the Sixth Amendment . . . As a remedy, the Court opted to eliminate certain provisions of the Sentencing Reform Act, on the view that this remedial approach was most compatible with congressional intent as embodied in the Act. The Court thus excised § 3553(b)(1) and § 3742(e), with the consequence that '[s]o modified, the federal sentencing statute makes the Guidelines effectively advisory.'

*Starks*, 2009 WL 66115, at *2 (quoting *Booker*, 543 U.S. at 245). By contrast, "[s]entence reductions based on retroactive guideline amendments are governed by a different provision, 18 U.S.C. § 3582(c)" (*id.* at *3), to which *"Booker* made no alteration." *Rhodes*, 549 F.3d at 840.

Furthermore, § 3582's "limitation" that reductions be consistent with applicable policy statements "poses no constitutional concerns of the sort at issue in *Booker*." *Starks*, 2009 WL 66115, at *3. The Supreme Court in *Booker* rendered the sentencing guidelines advisory, rather than mandatory at original sentencing because "the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior

7

conviction) that was not found by the jury or admitted by the defendant." *Booker*, 543 U.S. at 245. But "the Sixth Amendment concerns that motivated the *Booker* Court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2)." *Julien*, 550 F.Supp.2d at 140. For "there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict.'" *Rhodes*, 549 F.3d at 840 (quoting *Booker*, 543 U.S. at 244). "Indeed, a district court in a sentence modification proceeding is authorized only to 'reduce the [originally imposed] term of imprisonment,' 18 U.S.C. § 3582(c)(2), not to increase it." *Id.* at 840; *see also Dunphy*, 2009 WL 19139, at *5. For these reasons, this Court is not persuaded that the remedial scheme that the Supreme Court fashioned in *Booker* extends to § 3582(c)(2) proceedings. *See Julien*, 550 F.Supp.2d at 140 (finding "no basis" to "expand[]" *Booker* "into the context of 3582(c)(2) reductions" "[a]bsent similar constitutional concerns").

## III. Conclusion

For the foregoing reasons, this Court reduces Mr. Spencer's sentence pursuant to 18 U.S.C. § 3582 to 210 months — the bottom of the amended guideline range — and DENIES Defendant's motion for a further reduction or a sentencing hearing.[4]

---

[4] If this Court had the discretion to do so, it would find Defendant eligible for a downward variance in light of the crack cocaine disparity in the guidelines, Defendant's youth at the time of the offense, and Defendant's significant efforts and progress at rehabilitation, and would sentence him below the amended guideline range.

      s/Nancy G. Edmunds
      Nancy G. Edmunds
      United States District Judge

Dated:  January 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2009, by electronic and/or ordinary mail.

      s/Carol A. Hemeyer
      Case Manager